IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ISAAC PORTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02885-JTF-atc |
| | ) | |
| v. | ) | |
| | ) | |
| SHELBY COUNTY JAIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER MODIFYING THE DOCKET;
DISMISSING AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 22);
DENYING LEAVE TO AMEND;
DENYING MOTION FOR PROTECTIVE ORDER (ECF NO. 24);
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING PLAINTIFF OF STRIKE RECOMMENDATION UNDER
28 U.S.C. 1915(g);
AND DISMISSING CASE IN ITS ENTIRETY

On December 23, 2019, Plaintiff Isaac Porterfield, who is incarcerated under booking number 1912425 at Shelby County Criminal Justice Center (the "Jail"), in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On June 12, 2020, the Court granted leave to proceed *in forma pauperis* and assessed the $350 filing fee. (ECF No. 14.) Porterfield's complaint arises from his allegations that unidentified members of the Shelby County Jail's Direct Response Team (the "DRT") used excessive force against Porterfield in the Jail on an unspecified date (the "Incident"). (ECF No. 1 at PageID 5.) The complaint names the Jail, the DRT, and Judge Lee Coffee as Defendants. (*Id*. at PageID 5-6.) On December 29, 2020, the Court (1) dismissed the complaint without prejudice because Porterfield failed to state a claim to relief; and (2) granted leave for Porterfield to amend within twenty-one days. (ECF No. 21 (the

"Screening Order").) The Screening Order advised Porterfield of the pleading requirements for amended claims, including but not limited to the requirements of Fed. R. Civ. P. 8(a). (*Id*. at PageID 187-88.) Porterfield's deadline to amend expired on Tuesday, January 19, 2021.

On January 15, 2021, Porterfield filed a four-page handwritten letter (ECF No. 22 (the "Letter")) that attaches thirteen pages of exhibits (ECF No. 22-1). The Letter names twelve Defendants in their official and individual capacities. (ECF No. 22 at PageID 189 (naming DRT Lieutenant S. Davis; DRT T. Hopson; DRT R. Hilson; G.I.U. M. Wynn; DRT W. Wilkins; K9 Officer Patterson; G.I.U. A. Davis; DRT C. Gatewood; DRT J. Griffin; Shelby County Jail; Nurse Hubbard; and Shelby County Jail's Medical Department) (collectively, the "Twelve Defendants").) The Letter alleges claims for excessive force and "permanent physical injuries and trauma." (*Id*.) The Letter seeks $30 million in damages. (*Id*.) The Letter alleges facts about the Incident in greater detail than the initial complaint had alleged. (*Id*; *cf*. ECF No. 1 at PageID 5.) The Letter describes each of the Twelve Defendants' alleged involvement in the Incident. (ECF No. 22 at PageID 190-92.)

The Clerk shall modify the docket to include each of the Twelve Defendants as Defendants in this case. (*See* ECF No. 22 at PageID 189.)

The Letter is before the Court for consideration.

I.  **ANALYSIS**

As an initial matter, the Letter does not comply with the amended pleading requirements of either the Screening Order or Fed. R. Civ. P. 8(a). Under Rule 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* ECF No. 21 at PageID 187. The Letter, however, is a densely-written narrative of the Incident's chronology. (ECF No. 22 at PageID 190-92.) The Screening Order notified Porterfield that an amended complaint must state each claim for relief in a separate count and must

identify each Defendant sued in that count. (ECF No. 21 at PageID 187.) The Letter does not do so in any measure. Nevertheless, to advance the progress of this litigation, and in light of the fact that Porterfield is appearing *pro se*, the Court will liberally construe the Letter as an amended pleading for purposes of screening Porterfield's amended claims under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").

The Letter alleges that the Incident occurred on April 12, 2018. (ECF No. 22 at PageID 190 & 192.) The attachments to the Letter include, *inter alia*: Incident Summary reports about the events of April 12, 2018; Defendant Griffin's summary of the April 12, 2018 events; and a Tennessee Department of Correction Health Questionnaire about Porterfield dated April 12, 2018. (ECF No. 22-1 at PageID 193-97.)

Porterfield's amended § 1983 claims, *see* ECF No. 22, must be **DISMISSED WITH PREJUDICE** as untimely.

The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury through "reasonable diligence." *Edison*, 510 F.3d at 635; *Sevier*, 742 F.2d at 272.

The only date identified in Porterfield's amended pleading is April 12, 2018, which was the date the Incident occurred. (ECF No. 22 at PageID 190 & 192.) The statute of limitations for Porterfield's § 1983 claims expired on April 13, 2019. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B).

3

Porterfield signed his initial § 1983 complaint on December 17, 2019. (ECF No. 1 at PageID 6.) For liberal construction of Porterfield's pleadings in his favor, the Court treats December 17, 2019 as the date on which Porterfield gave the complaint to Shelby County Jail personnel for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for federal *pro se* prisoner filings). Porterfield filed his § 1983 complaint over eight months too late. The Letter, which the Court liberally construes as Porterfield's amended complaint in this case, is **DISMISSED WITH PREJUDICE** as untimely.

II.  **AMENDMENT UNDER THE PLRA**

The Court DENIES leave to amend the Letter (ECF No. 22). *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court has previously granted Porterfield leave to amend his claims in this case. (*See* ECF No. 21.) It would be futile to give Porterfield another opportunity because his § 1983 claims in this case are time-barred.

III.  **APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Porterfield would be taken in good faith. *See Callihan v.*

*Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons the Court dismisses Porterfield's amended pleading (ECF No. 22) for its untimeliness, the Court finds that an appeal of this Order would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Porterfield would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Porterfield appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

### IV.     NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(g). For § 1915(g) analysis of Porterfield's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## V.    CONCLUSION

For all of the reasons explained above:

(1)    The Letter (ECF No. 22), which the Court has liberally construed as Porterfield's amended pleading, is **DISMISSED WITH PREJUDICE** in its entirety for failure to state a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Letter's claims are barred by the statute of limitations.

(2)    Leave to amend is **DENIED**.

(3)    The Court **RECOMMENDS** that this dismissal be treated as a **STRIKE** pursuant to 28 U.S.C. § 1915(g). *See Simons*, 2021 WL 1727619, at *1.

(4)    Porterfield's motion for protective order (ECF No. 24) is **DENIED** as moot.

(5)    The Court **CERTIFIES** that an appeal would not be taken in good faith.

(6)    The Court **DENIES** leave for Porterfield to proceed *in forma pauperis* on appeal.

(7)    This case is **DISMISSED** in its entirety.

**SO ORDERED**, this 17th day of March, 2022.

                                *s/John T. Fowlkes, Jr.*
                                JOHN T. FOWLKES, JR.
                                UNITED STATES DISTRICT JUDGE